HORACE MILL AND RUBY A. MILL, PETITIONERS. *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5582.    Promulgated September 11, 1945.

*Clarence K. Snyder, Esq.*, and *Roger A. Zucker, Esq.*, for the petitioners.

*Lawrence R. Bloomenthal, Esq.*, for the respondent.

**OPINION.**

SMITH, *Judge*: Petitioner contends that the $8,768.78 representing the 5 percent of the slot machine income for 1940 which he paid over to the state association in that year was not his income, but was the income of the state association.

We think that the evidence supports petitioner's contention on this point. Petitioner could place his slot machines in the club rooms of the various lodges only with the consent of the lodge officials and on condition that the lodge should receive a large portion of the slot machine proceeds. In 1935 the lodges agreed that 5 percent of such proceeds should be paid to the state association and that their share should be reduced accordingly, to 75 percent instead of 80 percent. The state association agreed to accept that portion of the slot machine income in lieu of the quota assessment which they had been receiving from the lodges.

The 5 percent which petitioner paid to the state association was no more his income than was the 75 percent which went to the local lodges. The respondent does not contend that that was income to the petitioner.

The most practical view of the situation, perhaps, is that petitioner and the individual lodges and the state association all participated in the slot machine business and divided the "take" among themselves.

Regardless of the fact that the operation of slot machines was unlawful in the State of Ohio, we think that petitioner is taxable only upon the income which he received beneficially. The 5 percent which he remitted to the state association was never his income.

We think that the respondent properly disallowed the deduction of both the $1,409.10 item claimed as entertainment expenses and the attorney's fee of $100. The evidence does not show that it was necessary for petitioner and his employees to buy drinks and cigars for the lodge officials or that it was of any substantial benefit to his business. Petitioner was not selling any commodity to the lodges and he admitted that these expenditures did not increase the "play" on the slot machines or his own income. There is no evidence that his slot machine business was in any way dependent upon the gratuities. We think that such expenditures were of a personal nature and not a business expense, as the respondent has determined.

There is no evidence of record as to the nature of the services for which the attorney fee was paid except that it was for protesting an income tax ruling by the Commissioner. In the absence of further evidence, we can not determine that the expenditure was paid "in carrying on any trade or business" or "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income," within the meaning of section 23 (a) of the Internal Revenue Code.

Reviewed by the Court.

*Decision will be entered under Rule 50.*