T.C. Summary Opinion 2005-81


UNITED STATES TAX COURT


DEBORAH Y. AND DONALD J. EVERHART, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2897-03S.                    Filed June 9, 2005.


Deborah Y. and Donald J. Everhart, pro sese.

Laurie A. Nasky, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $12,120 and an accuracy-related penalty in the amount of $2,424 pursuant to section 6662(a) for the taxable year 2000.

After a concession by petitioners,[1] the issues for decision are: (1) Whether petitioners failed to report income, received by petitioner Donald J. Everhart, from Ronald Muhammad for contracting work; and (2) whether petitioners are liable for an accuracy-related penalty in the amount of $2,424 pursuant to section 6662(a) for the taxable year 2000.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Chicago, Illinois, on the date the petition was filed in this case.

Petitioners timely filed a Federal joint income tax return for the taxable year 2000. During taxable year 2000, Donald J. Everhart (petitioner) was a contractor licensed by the city of Chicago. Petitioner was retained in that capacity by Ronald Muhammad (Mr. Muhammad) to perform construction services at rental property owned by Mr. Muhammad.

_____

[1]Petitioners conceded that they failed to include in gross income for taxable year 2000, $28 of interest income.

To do the necessary repairs, Mr. Muhammad obtained a home rehabilitation loan of $32,949.85 from Wells Fargo Home Mortgage, Inc. Petitioner was the general contractor of record on this home rehabilitation loan. Wells Fargo Home Mortgage, Inc. issued the proceeds of Mr. Muhammad's home rehabilitation loan on August 28, 2000, and October 11, 2000, by checks jointly payable to both Mr. Muhammad and petitioner in the amounts of $12,261.67 and $20,688.18, respectively. Both Mr. Muhammad and petitioner endorsed these checks. Mr. Muhammad deposited the proceeds from these checks into his bank account at Shore Bank. Wells Fargo Home Mortgage, Inc. also issued to petitioner a Form 1099-Misc, Miscellaneous Income, for taxable year 2000 reflecting a distribution to petitioner of nonemployee compensation in the amount of $32,949.85.

At the beginning of their work relationship, petitioner and Mr. Muhammad did not enter into any contract outlining the scope of the work to be performed. Petitioner testified he and Mr. Muhammad entered into a contract later in taxable year 2000. However, no contract was offered into evidence at trial.

Petitioner received and negotiated the following checks totaling $24,312 drawn on Mr. Muhammad's Shore Bank account payable to petitioner:

| Date | Check # | Memo | Amount |
|------|---------|------|--------|
| 09/03/2000 | 4656 | | $100 |
| 09/12/2000 | 4657 | Tax from Wells Fargo 12261 | 1,861 |
| 09/24/2000 | 4661 | Dumpster | 300 |

| Date | Check No. | Description | Amount |
|---|---|---|---|
| 09/27/2000 | 4666 | Soffit for kitchen | 350 |
| 09/27/2000 | 4667 | Roofing material | 800 |
| 10/04/2000 | 4674 | Roof | 900 |
| 10/07/2000 | 4717 | Front roof shingles | 700 |
| 10/13/2000 | 4720 | Roofing rubbish closet drywall | 600 |
| 10/22/2000 | 4732 | Wiring intercom recess lighting... | 1,000 |
| 10/22/2000 | 4733 | 1st ½ payment for concrete for basement | 3,250 |
| 10/22/2000 | 4730 | Final payment for heating... | 350 |
| 10/22/2000 | 4731 | Copping chps + bricking of 1st floor... | 400 |
| 10/24/2000 | 4734 | Tax | 3,101 |
| 10/26/2000 | 4736 | Plumbing roofing labor roof bal... | 1,100 |
| 10/27/2000 | 4737 | Final payment concrete basement | 3,250 |
| 11/01/2000 | 4739 | Roofing labor material | 300 |
| 11/04/2000 | 4741 | | 450 |
| 11/08/2000 | 4743 | Insulation + drywall flashing | 1,700 |
| 11/16/2000 | 4750 | Drywall | 700 |
| 11/24/2000 | 4752 | Electrical + labor | 800 |
| 12/01/2000 | 4754 | Electrical drywall carpentry | 1,200 |
| 12/08/2000 | 4758 | Drywall installation | 700 |
| 12/22/2000 | 4763 | | 400 |
| | | Total | $24,312 |

Petitioner also maintained a checking account with Shore Bank during taxable year 2000. During the period from October 25, 2000, through December 31, 2000, petitioner made deposits in his Shore Bank account as follows:

| Date | Amount |
|---|---|
| 10/25/2000 | $500 |
| 10/27/2000 | 300 |
| 11/01/2000 | 100 |
| 11/06/2000 | 100 |
| 11/08/2000 | 1,600 |
| 11/16/2000 | 400 |
| 11/24/2000 | 50 |
| 12/01/2000 | 125 |
| 12/08/2000 | 375 |
| 12/22/2000 | 100 |
| Total | $3,650 |

During the period from October 25, 2000, through December 31, 2000, petitioner wrote checks totaling $3,509 drawn on his Shore Bank account as follows:

| Date | Check # | Description | Amount |
|---|---|---|---|
| 10/25/2000 | 95 | Payable to: Deborah Everhart | $200 |
| | | Memo: Roof material | |
| 10/26/2000 | 96 | Payable to: Cash | 100 |
| | | Memo: Material plumb | |
| 10/28/2000 | 97 | Payable to: Cash | 100 |
| | | Memo: Material | |
| 10/30/2000 | 99 | Payable to: Cash | 100 |
| | | Memo: Expense | |
| 10/30/2000 | 100 | Payable to: Cash | 50 |
| | | Memo: Material | |
| 11/01/2000 | 98 | Payable to: Cash | 60 |
| | | Memo: Labor | |
| 11/03/2000 | | Payable to: Cash | 70 |
| 11/06/2000 | 102 | Payable to: Cash | 50 |
| | | Memo: Expense | |
| 11/07/2000 | 101 | Payable to: Capital one | 50 |
| | | Memo: Collections | |
| 11/07/2000 | 103 | Payable to: Cash | 50 |
| | | Memo: Expense | |
| 11/08/2000 | 104 | Payable to: Deborah Everhart | 130 |
| | | Memo: McKey + Pogue | |
| 11/08/2000 | 106 | Payable to: Julius Jones | 35 |
| 11/09/2000 | 107 | Payable to: Kozmiwski | 24 |
| | | Memo: Apples | |
| 11/09/2000 | 108 | Payable to: Cash | 800 |
| | | Memo: Material | |
| 11/10/2000 | 109 | Payable to: Cash | 100 |
| 11/12/2000 | 110 | Payable to: Deborah Everhart | 100 |
| | | Memo: Labor 4343 | |
| 11/13/2000 | 112 | Payable to: Cash | 100 |
| | | Memo: Expense | |
| 11/13/2000 | 113 | Payable to: Cash | 100 |
| | | Memo: Expense | |
| 11/14/2000 | 114 | Payable to: Cash | 100 |
| | | Memo: Expense | |
| 11/15/2000 | 115 | Payable to: Cash | 50 |
| | | Memo: Expense | |
| 11/16/2000 | 116 | Payable to: Cash | 75 |
| 11/17/2000 | 117 | Payable to: Cash | 300 |
| 11/20/2000 | 118 | Payable to: Cash | 60 |
| 11/21/2000 | 119 | Payable to: Cash | 30 |
| 11/21/2000 | 121 | Payable to: Cash | 30 |
| 11/28/2000 | 122 | Payable to: Cash | 30 |
| | | Memo: Expense | |
| 12/04/2000 | 124 | Payable to: Cash | 30 |
| 12/06/2000 | 125 | Payable to: Cash | 40 |
| | | Memo: Expense | |
| 12/07/2000 | 126 | Payable to: Cash | 30 |
| 12/09/2000 | 127 | Payable to: Deborah Y. Everhart | 300 |
| | | Memo: Donald Everhart loan | |
| 12/12/2000 | 128 | Payable to: Cash | 50 |
| 12/12/2000 | 129 | Payable to: Cash | 25 |
| 12/12/2000 | 131 | Payable to: Cash | 30 |
| 12/18/2000 | 132 | Payable to: Cash | 10 |
| 12/26/2000 | 133 | Payable to: Cash | 100 |
| | | Total | $3,509 |

Petitioner also signed a document entitled "Final Waiver of Lien", which was dated August 28, 2000. This document acknowledged petitioner's receipt of $28,143.43 for labor and material furnished for the renovation of Mr. Muhammad's rental property.

By notice of deficiency, respondent determined that petitioners failed to report on their Federal income tax return for the taxable year 2000 income earned by petitioner, received from Mr. Muhammad, for contracting work in the amount of $30,468.[2] Respondent also determined that petitioners are liable for an accuracy-related penalty in the amount of $2,424 pursuant to section 6662(a) for the taxable year 2000.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements,

---

[2]This amount was determined by the Form 1099-Misc, Miscellaneous Income, from Wells Fargo Home Mortgage, Inc., which reported nonemployee compensation of $32,949, less self employment tax deduction of $2,481.

cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to the unreported income. Respondent has the burden of production with respect to the accuracy-related penalty, however. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Therefore, petitioner bears the burden of showing that the deposits made to his account, checks cashed, and checks written on his account, were not includable in his 2000 income as determined by respondent. Bank deposits have been held to be prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977).

1. Unreported Income

As stated previously, respondent determined that petitioners failed to report income in tax year 2000 in the amount of $30,468. However, petitioner argues that such payments were made pursuant to a contractor relationship he had with Mr. Muhammad, and, therefore, petitioner claims he was merely a conduit between Mr. Muhammad and the subcontractors that petitioner hired to perform the work.

Section 61(a) defines gross income as "all income from whatever source derived," unless otherwise provided. The Supreme

Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983), (all realized accessions to wealth are presumed taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation), revg. 79 T.C. 398 (1982).

However, pursuant to section 162, a taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on his or her trade or business.  A taxpayer is engaged in a trade or business if the taxpayer is involved in the activity (1) with continuity and regularity, and (2) with the primary purpose of making a profit.  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988).

Petitioner has the burden of proving that he was engaged in a trade or business and, as stated previously, that the deposits made to his account, checks cashed, and checks written on his account, were not includable in his 2000 income as determined by respondent.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.

Petitioner does not deny that he received the payments from Mr. Muhammad in the amounts determined by respondent. In any event, substantial evidence was presented which leads us to the conclusion that petitioner received the amounts calculated by respondent. Petitioner asserts that such payments were not income to him but advances made by Mr. Muhammad to pay subcontractors and purchase materials for the renovation of Mr. Muhammad's rental property. Petitioner also asserts that he received the payments as agent for Mr. Muhammad.

Petitioner contends that he functioned merely as a conduit through which Mr. Muhammad purchased labor and materials for the renovation project, with the result that the payments received from Mr. Muhammad are not taxable to him. Petitioner does not clearly explain the legal basis for this position, and he cites no cases in support thereof.

We would agree that a taxpayer need not treat as income moneys which he did not receive under a claim of right, which were not his to keep, and which he was required to transmit to someone else as a mere conduit. See Diamond v. Commissioner, 56 T.C. 530, 541 (1971), affd. 492 F.2d 286 (7th Cir. 1974); see also Mill v. Commissioner, 5 T.C. 691, 694 (1945); Parker v. Commissioner, T.C. Memo. 1985-263. On the other hand, if a taxpayer receives moneys under a claim of right and without restriction or limitation as to the disposition of the moneys,

then the taxpayer has received income, even though it may still be claimed that he is not entitled to retain the money, and even though he may be liable to restore its equivalent. See North Am. Oil Consol. v. Burnet, 286 U.S. 417, 424 (1932).

Assuming petitioner was correct in his conduit or agency argument, he would still have to substantiate that the deposits made to his account, checks cashed, and checks written on his account, were not includable in his 2000 income.

However, the record as a whole in the present case leads to the inescapable conclusion that petitioner was a self-employed contractor licensed by the city of Chicago during taxable year 2000, and that petitioner was the general contractor of record on the Wells Fargo Home Mortgage, Inc. rehabilitation loan. Therefore, it is unnecessary to consider petitioner's "conduit" or "agency" argument.

Section 162(a) allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. To be "ordinary" the transaction that gives rise to the expense must be of a common or frequent occurrence in the type of business involved. Deputy v. du Pont, 308 U.S. 488, 495 (1940). To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, supra at 113-114.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, supra. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his or her own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

It appears from the testimony presented at trial that petitioner and Mr. Muhammad had a "loose" work relationship in which Mr. Muhammad would supply sums of money to petitioner in the form of cash and checks. Petitioner would then use these moneys to pay off expenses incurred in the renovation of Mr. Muhammad's rental property; any surplus or net profit was used to pay petitioner's personal debts. Both petitioner and Mr. Muhammad testified that they had receipts which could substantiate the expenditures of the renovation project; however, such receipts were lost or stolen. Neither petitioner nor Mr. Muhammad attempted to contact third parties to receive duplicate receipts, and neither individual attempted to reconstruct a list of such expenditures.

At trial, petitioner elicited testimony from Robert Blacher (Mr. Blacher), who was a subcontractor who did concrete work in the renovation of Mr. Muhammad's rental property. Mr. Blacher testified that he received payment of $6,500 for his services from petitioner. Petitioner also elicited testimony from Rafiq Ahmad (Mr. Ahmad) who did drywall work in the renovation project. Mr. Ahmad testified that he received payment of approximately $700 for his services from petitioner.

Petitioner offered into evidence copies of the aforementioned checks and applicable bank statements. Petitioner also testified that these payments were made for the renovation

project.  Petitioner also testified that the proceeds from these payments were used to pay for the labor and materials incurred in the renovation project.

Based upon all of the facts and circumstances of this case, we find that petitioner's general contracting business had gross income of $32,949 in taxable year 2000.  We further find that petitioner has substantiated business expense deductions relating to his general contracting business of $18,400[3] for taxable year 2000.  As a result, petitioners realized net income of $12,068 for the taxable year in issue from petitioner's general contracting business.

2.  Accuracy-Related Penalty

As stated previously, respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) with respect to the underpayment attributable to the unreported income of petitioner.

Section 7491(c) provides that the Commissioner shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount.  Specifically, section 7491(c), which was

---

[3]It is possible that petitioner has incurred business expense deductions in excess of this amount; however, due to petitioner's lack of clear records, petitioner is unable to substantiate further deductions, and we are unable to estimate any further deductions under the rule in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

enacted by the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(a), 112 Stat. 726, provides as follows:

> SEC. 7491(c). Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

As previously stated, section 7491(c) is effective with respect to court proceedings arising in connection with examinations commencing after July 22, 1998. RRA 1998 sec. 3001(c)(1), 112 Stat. 727. There is no dispute that the examination in the present case commenced after July 22, 1998.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-4(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause

and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

It is clear that petitioner was negligent with respect to the $12,068 that was received by him through his general contracting business. Petitioner did not keep adequate books and records, or otherwise substantiate the $12,068, as required by the Internal Revenue Code. Thus, the amount of the accuracy-related penalty applicable to petitioners' unreported income for taxable year 2000 requires computation from the foregoing.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect petitioners' concessions and our resolution of the disputed matters,

Decision will be entered
under Rule 155.